# EXHIBIT A

RECEIVED & FILED
SUPERIOR COURT OF NEW JERSEY
JAN 05 2010
PASSAIC COUNTY

Served via Sheriff
2/1/10

GOLDSTEIN, BALLEN, O'ROURKE & WILDSTEIN
A PROFESSIONAL CORPORATION
ONE HOWE AVENUE, PASSAIC, N.J. 07055 (973) 473-1113
ATTORNEYS FOR Plaintiff(s)

| | |
|---|---|
| *Plaintiff*<br>RICHARD SOTO<br><br>vs.<br><br>*Defendant*<br>CROWN EQUIPMENT CORPORATION; CUSTOMIZED DISTRIBUTION SERVICES; ABC CO. 1-10; and JOHN DOE 1-10; (said names being fictitious); Jointly, Severally or in the Alternative | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:   PASSAIC COUNTY<br><br>Docket No. L-49-10<br><br>CIVIL ACTION<br><br>COMPLAINT WITH JURY DEMAND |

Plaintiff, Richard Soto, residing at 400 River Drive, Apt. 4F, in the City of Passaic, County of Passaic, and State of New Jersey, complaining of the defendants, states that:

## FIRST COUNT

1. On or about April 4, 2008, the plaintiff was employed by Joule Staffing, Inc. of 359 Passaic Street, in the City of Passaic, County of Passaic, and State of New Jersey and working at the property and premises of Customized Distribution Services, also known as, CDS, located in the Town of Wharton, County of Morris, and State of New Jersey.

2. That at the time and place aforesaid, the plaintiff, Richard Soto, was lawfully and prudently availing himself to a certain hi-lo vehicle which was provided by the defendants, or either of them, for his use when he was caused to sustain injuries.

3. That at all times mentioned herein, the defendants, or either of them, were engaged in the business of designing, inspecting, manufacturing, distributing and selling various products and component parts thereof, including those of the aforesaid fork lift.

4. Sometime prior to April 4, 2008, the aforesaid defendants, or either of them, did manufacture, distribute, inspect, design and sell the aforesaid product to the defendant, ABC Co., or directly to Customized Distribution Services.

5. That the defendants were further engaged in the distribution, sale, installation, leasing, maintenance, and repair of this and similar machines.

6. That sometime prior to April 4, 2008, the defendants, or either of them, purchased and/or provided the aforesaid forklift/hi-lo directly and/or from one of the other named defendants, or borrowed, or leased same from the defendant, ABC Co.

7. That the defendants were careless and negligent in the designing, inspecting, testing, manufacturing, distributing, selling, rebuilding, repairing, lease, and installation of the aforesaid machine.

8. That as a result of the carelessness and negligence of the defendants as aforesaid, the plaintiff was caused to suffer and sustain severe personal injuries, both temporary and permanent in nature, permanent consequential limitations of use of body organs and members, suffered significant limitations of use of body functions or systems, has in the past and will in the future be caused to suffer severe pain, anguish and emotional distress, has in the past and will in the future be incapacitated, limited and restricted in his normal activities or occupations, and has in the past and will in the future be caused to expend substantial sums of

money for medical treatment in an effort to relieve his pain and cure his injuries.

WHEREFORE, plaintiff, Richard Soto, demands judgment against the defendants, jointly, severally or in the alternative, for money damages, together with interest and costs of suit.

## SECOND COUNT

1. Plaintiff, Richard Soto, repeats each and every allegation of the previous count of this Complaint with the same force and effect as if fully set forth at length herein.

2. That sometime prior to April 4, 2008, the defendants, or either of them, either directly or through their agents, servants and/or employees, caused to be sold and/or leased the aforesaid forklift/hi-lo directly to Customized Distribution Services, or to one or more of the fictitiously pleaded defendants herein, for later distribution of the aforesaid machine to be used as part of the production process at Customized Distribution Services.

3. That at the time of said sale, each of the defendants knew the purposes for which said product was to be used and the plaintiff as a foreseeable user of this product relied upon the skills and judgment of the defendants.

4. That at the time of the aforesaid sale, each of the defendants expressly and/or impliedly warranted that said product was reasonably safe and suitable for the ordinary purposes for which it was to be used and that said product was of good sound and merchantable quality.

5. Said expressed and/or implied warranties were breached by each of the defendants, in that the product was unsafe and unsuitable for the purposes for which it was intended and said product was not of good sound and/or merchantable quality.

6. That at the time and place aforesaid, the defendants, or either of them, individually, and/or by and through their agents, servants, and/or employees, did provide said forklift for use by the plaintiff, Richard Soto.

7. That at the time and place aforesaid, the forklift was in a dangerous and hazardous condition causing same to be involved in a collision resulting in injuries to the plaintiff herein.

8. That the defendants were careless and negligent in providing said forklift to the plaintiff herein.

9. That the defendants were further careless and negligent in failing to warn of the dangerous condition of the forklift in questions.

10. That the defendants were further careless and negligent in failing to properly remedy, repair, and/or warn of same.

11. That as a result of the carelessness and negligence of the defendants as aforesaid, the plaintiff was caused to suffer and sustain severe personal injuries, both temporary and permanent in nature, permanent consequential limitations of use of body organs and members, suffered significant limitations of use of body functions or systems, has in the past and will in the future be caused to suffer severe pain, anguish and emotional distress, has in the past and will in the future be incapacitated, limited and restricted in his normal activities and occupations, and has in the past and will in the future be caused to expend substantial sums of money for medical treatment in an effort to relieve his pain and cure his injuries.

WHEREFORE, plaintiff, Richard Soto, demands judgment against the defendants, jointly, severally or in the alternative, for money damages, together with interest and costs of suit.

## THIRD COUNT

1. Plaintiff, Richard Soto, repeats each and every allegation of the previous count of this Complaint with the same force and effect as if fully set forth at length herein.

2. That the defendants, or either of them, were further careless and negligent in the installation, maintenance, repair and/or rebuilding of the machine operated by the plaintiff at the time and place aforesaid.

3. That as a result of the carelessness and negligence of the defendants as aforesaid, the plaintiff was caused to suffer and sustain severe personal injuries, both temporary and permanent in nature, permanent consequential limitations of use of body organs and members, suffered significant limitations of use of body functions or systems, has in the past and will in the future be caused to suffer severe pain, anguish and emotional distress, has in the past and will in the future be incapacitated, limited and restricted in his normal activities and occupations, and has in the past and will in the future be caused to expend substantial sums of money for medical treatment in an effort to relieve his pain and cure his injuries.

WHEREFORE, plaintiff, Richard Soto, demands judgment against the defendants, jointly, severally or in the alternative, for money damages, together with interest and costs of suit.

## FOURTH COUNT

1. Plaintiff, Richard Soto, repeats each and every allegation of the previous counts of this Complaint with the same force and effect as if fully set forth at length herein.

2. That the defendants, or either of them, failed to give proper notice or warning to the anticipated and/or foreseeable users of this product to avoid the consequences suffered by the plaintiff herein.

3. That as a result of the carelessness and negligence of the defendants as aforesaid, the plaintiff was caused to suffer and sustain severe personal injuries, both temporary and permanent in nature, permanent consequential limitations of use of body organs and members, suffered significant limitations of use of body functions or systems, has in the past and will in the future be caused to suffer severe pain, anguish and emotional distress, has in the past and will in the future be incapacitated, limited and restricted in his normal activities and occupations, and has in the past and will in the future be caused to expend substantial sums of money for medical treatment in an effort to relieve his pain and cure his injuries.

WHEREFORE, plaintiff, Richard Soto, demands judgment against the defendants, jointly, severally or in the alternative, for money damages, together with interest and costs of suit.

### FIFTH COUNT

1. Plaintiff, Richard Soto, repeats each and every allegation of the previous counts of this Complaint with the same force and effect as if fully set forth at length herein.

2. That prior to April 4, 2008, the defendants designed, inspected, manufactured, sold and distributed the aforesaid machine and placed said product into the stream of commerce knowing that it would be dangerous and hazardous if defective.

3. That prior to April 4, 2008, the defendants did defectively design, inspect, test and manufacture the aforesaid machine and/or its component parts as operated by the plaintiff at the time and place aforesaid.

4. At the time and place aforesaid, said product was defective and not reasonably suitable or safe for the ordinary purposes for which it was intended, sold and used.

5. That said defects arose out of the designing, testing, inspecting and/or manufacturing of said machine and/or its component parts while said products were in the

custody and control of the defendants, and that said defects proximately caused the injuries sustained by the plaintiff herein.

6. By reason of the aforesaid, the defendants, and each of them, are strictly liable in tort for the injuries sustained by the plaintiff.

WHEREFORE, plaintiff, Richard Soto, demands judgment against the defendants, jointly, severally or in the alternative, for money damages, together with interest and costs of suit.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY AS TO ALL ISSUES CONTAINED HEREIN.

GOLDSTEIN, BALLEN, O'ROURKE & WILDSTEIN

By: s/James E. Humphreys
JAMES E. HUMPHREYS

I hereby certify, pursuant to Rule 4:5-1, that the matter in controversy is not the subject of any other action or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and no other party should be joined in this matter at this time, except for workers compensation claim petitions pending.

GOLDSTEIN, BALLEN, O'ROURKE & WILDSTEIN

By: s/James E. Humphreys
JAMES E. HUMPHREYS

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, THOMAS L. BELL, is hereby designated trial counsel for the plaintiff in the within litigation.

GOLDSTEIN, BALLEN, O'ROURKE & WILDSTEIN

By: s/James E. Humphreys
JAMES E. HUMPHREYS

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b), the plaintiff requests discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy said judgment.

GOLDSTEIN, BALLEN, O'ROURKE & WILDSTEIN

By: s/James E. Humphreys
JAMES E. HUMPHREYS

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17-2, plaintiff hereby requests answers to Form C and C(1) Interrogatories as set forth in Appendix II of the New Jersey Court Rules.

GOLDSTEIN, BALLEN, O'ROURKE & WILDSTEIN

By: s/James E. Humphreys
JAMES E. HUMPHREYS

DATED: December 31, 2009

```
PASSAIC SUPERIOR COURT
PASSAIC COUNTY COURTHOUSE
77 HAMILTON STREET
PATERSON         NJ 07505

COURT TELEPHONE NO. (973) 247-8183           TRACK ASSIGNMENT NOTICE
COURT HOURS

                        DATE:    JANUARY 06, 2010
                        RE:      SOTO VS CROWN EQUIPMENT
                        DOCKET:  PAS L -000049 10

     THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON THOMAS J. LACONTE

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT:  (973) 247-8171.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDAN
WITH  R.4:5A-2.
                        ATTENTION:
                                     ATT: THOMAS L. BELL
                                     GOLDSTEIN BALLEN OROURKE & W
                                     ONE HOWE AVENUE
                                     PASSAIC         NJ 07055
JUSYBA
```

**GOLDSTEIN, BALLEN, O'ROURKE & WILDSTEIN**
One Howe Avenue3
Passaic, New Jersey 07055
(973) 473-1113
**Attorneys for Plaintiff(s)**

```
Plaintiff(s)
RICHARD SOTO                              :    SUPERIOR COURT OF NEW JERSEY
                                          :
                                          :    LAW DIVISION:   PASSAIC
                  vs.                     :
                                          :    DOCKET NO.: PAS-L-49-10
Defendant(s)                              :
CROWN EQUIPMENT CORPORATION;              :
CUSTOMIZED DISTRIBUTION SERVICES;         :
ABC CO. 1-10; and JOHN DOE 1-10;          :    SUMMONS
(said names being fictitious);            :
Jointly, Severally, or in the             :
Alternative                               :
```

From the State of New Jersey
To the Defendant(s) named above:    Crown Equipment Corporation; Crown Law Department; Customized Distribution Services

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion with 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: January 21, 2010

                                                            /s/ Theodore J. Fetter
                                        THEODORE J. FETTER , SUPERIOR COURT CLERK

Name of Defendant(s) to be Served:    Crown Equipment Corporation
                                                  Crown Law Department
Address of the Defendant(s) to be Served:  New Bremen, Ohio 45869
                                                  ATTENTION: Rodney J. Hinders, Esq.

                                                  Customized Distribution Services
                                                  20 Harry Shupe Boulevard
                                                  Wharton, NJ 07885

*$135.00 FOR CHANCERY DIVISION CASES AND FOR LAW DIVISION CASES

**GOLDSTEIN, BALLEN, O'ROURKE & WILDSTEIN**
**One Howe Avenue3**
**Passaic, New Jersey 07055**
**(973) 473-1113**
**Attorneys for Plaintiff(s)**

| | | |
|---|---|---|
| Plaintiff(s) | | |
| RICHARD SOTO | : | SUPERIOR COURT OF NEW JERSEY |
| | : | |
| | : | LAW DIVISION: PASSAIC |
| vs. | : | |
| | : | |
| Defendant(s) | : | DOCKET NO.: PAS-L-49-10 |
| CROWN EQUIPMENT CORPORATION; | : | |
| CUSTOMIZED DISTRIBUTION SERVICES; | : | |
| ABC CO. 1-10; and JOHN DOE 1-10; | : | **SUMMONS** |
| (said names being fictitious); | : | |
| Jointly, Severally, or in the | : | |
| Alternative | : | |

From the State of New Jersey
To the Defendant(s) named above:   Crown Equipment Corporation; Crown Law Department; Customized Distribution Services

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion with 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: January 21, 2010

/s/ Theodore J. Fetter
THEODORE J. FETTER, SUPERIOR COURT CLERK

Name of Defendant(s) to be Served:    Crown Equipment Corporation
                                       Crown Law Department
Address of the Defendant(s) to be Served:  New Bremen, Ohio 45869
                                       ATTENTION: Rodney J. Hinders, Esq.

Customized Distribution Services
20 Harry Shupe Boulevard
Wharton, NJ 07885

***$135.00 FOR CHANCERY DIVISION CASES AND FOR LAW DIVISION CASES**

**GOLDSTEIN, BALLEN, O'ROURKE & WILDSTEIN**
**One Howe Avenue3**
**Passaic, New Jersey 07055**
**(973) 473-1113**
**Attorneys for Plaintiff(s)**

| | |
|---|---|
| Plaintiff(s) | |
| RICHARD SOTO | : SUPERIOR COURT OF NEW JERSEY |
| | : |
| vs. | : LAW DIVISION: PASSAIC |
| | : |
| Defendant(s) | : DOCKET NO.: PAS-L-49-10 |
| CROWN EQUIPMENT CORPORATION; | : |
| CUSTOMIZED DISTRIBUTION SERVICES; | : |
| ABC CO. 1-10; and JOHN DOE 1-10; | : **SUMMONS** |
| (said names being fictitious); | : |
| Jointly, Severally, or in the | : |
| Alternative | : |

From the State of New Jersey
To the Defendant(s) named above:   Crown Equipment Corporation; Crown Law Department; Customized Distribution Services

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion with 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: January 21, 2010

                                 /s/ Theodore J. Fetter
                              THEODORE J. FETTER, SUPERIOR COURT CLERK

Name of Defendant(s) to be Served:    Crown Equipment Corporation
                                      Crown Law Department
Address of the Defendant(s) to be Served:  New Bremen, Ohio 45869
                                      ATTENTION: Rodney J. Hinders, Esq.

                                        Customized Distribution Services
                                        20 Harry Shupe Boulevard
                                        Wharton, NJ 07885

*$135.00 FOR CHANCERY DIVISION CASES AND FOR LAW DIVISION CASES